IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SANDRA NAVARRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04CV380-SRW |
| ) | (WO) |
| CITY OF ANDALUSIA, et al., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL MEMORANDUM OPINION**

In this action plaintiff brings, *inter alia*, a Title VII retaliation claim asserting that defendants retaliated against her for her complaint of harassment by: (1) assigning her to the night shift; (2) terminating her employment; and (3) by subjecting her to a hostile environment. (Complaint, ¶¶ 10, 11, 29). By order entered on June 19, 2006, this court granted defendants summary judgment on this claim. To the extent that the claim was based on plaintiff's assignment to the night shift, the court concluded that the claim was due to be dismissed because of plaintiff's testimony admitting that shifts were assigned on the basis of seniority – a legitimate nondiscriminatory reason – and that she had the least seniority of the dispatchers. (Doc. # 28, p. 8). This analysis remains valid and is not due to be disturbed.

However, the court has determined, *sua sponte*, that the remainder of plaintiff's retaliation claim should be revisited in light of the June 22, 2006 decision of the United States Supreme Court in the case of Burlington Northern & Santa Fe Railway Co. v. White, ___ U.S. ___, 2006 WL 1698953 (S. Ct. Jun. 22, 2006). To the extent that plaintiff's retaliation claim rests on her contention that defendants retaliated against her by subjecting

her to a hostile environment, the court previously determined that the claim was due to be dismissed because – even considering conduct occurring before plaintiff's complaint of discrimination – plaintiff had failed to establish conduct that was sufficiently "severe or pervasive" to alter the terms and conditions of her employment. (Doc. # 28, p. 16 n. 11). As to the retaliatory termination claim, the court concluded that plaintiff was attempting to rely on a theory of "constructive transfer"[1] (arising from hostile conduct following her complaint of discrimination) and that the claim was due to be dismissed because: (1) "constructive transfer" has not been recognized as an adverse employment action; and (2) plaintiff could not establish constructive transfer in the absence of evidence sufficient to support a hostile environment discrimination claim. (Id., pp. 16-17).

At the time of the decision on summary judgment, Eleventh Circuit law required that a plaintiff establish an "adverse employment action" in order to prevail on a Title VII retaliation claim. See Spann v. DynCorp Technical Services, LLC, 2006 WL 1667294, *2 (11th Cir. Jun. 16, 2006)(unpublished opinion)("To establish a *prima facie* case of retaliation, the plaintiff must show (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal connection between the two.")(quoting Cooper v. Southern Co., 390 F.3d 695, 740 (11th Cir. 2004)); Batch v. Jefferson County Child Development Council, 2006 WL 1543776, *1 (11th Cir. Jun. 7, 2006)(unpublished opinion)(Plaintiff failed to establish a *prima facie* case of retaliation because he did not demonstrate that he suffered an

---

[1] It is undisputed that plaintiff was not terminated from her employment. (Navarre depo., pp. 203-04, 263-64; Navaarre aff., ¶ 13).

adverse employment action, *i.e.*, "'an ultimate employment decision . . . or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'")(quoting Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000)). However, in Burlington Northern, *supra*, the Supreme Court held that Title VII's anti-retaliation provision is "not limited to discriminatory actions that affect the terms and conditions of employment." 2006 WL 1698953 at *7. Rather, a plaintiff may establish a retaliation claim by showing "that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'" Id. at *10.

The retaliatory conduct of which plaintiff complains is set forth in paragraph 13 of her affidavit, described on page 10 (¶ d) and page 12 (¶ m) of the court's memorandum opinion on summary judgment, and further discussed on pages 14 and 15 of the opinion. In Burlington Northern, *supra*, the Court stated:

> We speak of *material* adversity because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth "a general civility code for the American workplace." Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80 (1998); see Faragher [v. City of Boca Raton], 524 U.S. [775,] 788 [(1998)](judicial standards for sexual harassment must "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing'"). An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience. See 1 B. Lindemann & P. Grossman, Employment Discrimination Law 669 (3d ed. 1996)(noting that "courts have held that personality conflicts at work that generate antipathy" and "'snubbing' by supervisors and co-workers" are

3

> not actionable under § 704(a)).  The anti-retaliation provision seeks to prevent employer interference with "unfettered access" to Title VII's remedial mechanisms.  Robinson [v. Shell Oil Co.], 519 U.S. [337,] 346 [(1997)].  It does so by prohibiting employer actions that are likely "to deter victims of discrimination from complaining to the EEOC," the courts, and their employers.  Ibid.  And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence.  See 2 EEOC 1998 Manual § 8, p. 8-13.

2006 WL 1698953 at *10 (emphasis in original).

The court has reevaluated the evidence of record in light of the standard articulated in Burlington Northern and concludes that plaintiff cannot prevail on her retaliation claim – to the extent that it arises from "hostile" conduct after her complaint of discrimination – because the conduct is not objectively "materially adverse" and would not have dissuaded a reasonable worker from complaining of discrimination.  Therefore, defendants are entitled to summary judgment on plaintiff's Title VII retaliation claim, and the court's previous order dismissing this claim remains valid under the appropriate legal standard.

DONE, this 7th day of July, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

4